DECISION
Plaintiff appeals Defendant's Notice of Proposed Refund Adjustment for tax year 2000, claiming that his Oregon-source income is exempt from Oregon income taxes under federal law that limits the state taxation of qualifying air carrier employees.
Plaintiff filed his appeal on April 1, 2005. On July 15, 2005, the court issued an Order granting Defendant's request for abeyance pending the outcome of a similar case, Vincent Niblack and AnnaLiza L. Niblack v. Department of Revenue, TC-MD No 041021E (Niblack). In December 2005, the Magistrate Division of the Tax Court issued a decision denying the Niblacks' appeal based on a determination that they did not qualify for the federal air carrier employee exemption. The Niblacks appealed the magistrate's decision to the Regular Division of the Tax Court. That appeal was eventually withdrawn, and the Regular Division issued a General Judgment of Dismissal May 24, 2010. On June 2, 2010, this court issued an Order reactivating Plaintiff Etter's appeal.
Following the reactivation of Plaintiff's appeal, the parties presented the case to the court for decision on written submissions. Plaintiff chose not to have a trial on the matter. Plaintiff is *Page 2 
represented by Phyllis Jackson (Jackson), a licensed tax consultant from Vancouver, Washington. Defendant is represented by Amy Stalnaker, tax auditor, Oregon Department of Revenue.
 I. STATEMENT OF FACTS
Plaintiff was an aircraft dispatcher who worked for Horizon Air in Portland, Oregon, in 2000. Plaintiff continued to work in that capacity, at that location, for a number of years subsequent to 2000. Plaintiff resides in Vancouver, Washington. In 2004, Plaintiff filed a refund claim with Defendant for the 2000 tax year. Plaintiff's income tax return (Return) for 2000 included an exemption for pay earned by air carrier employees who have "regularly assigned duties on aircraft in at least 2 states" under 49 USC section 40116(f). Consequently, Plaintiff paid no Oregon tax on his air carrier work pay earned in 2000.
On December 1, 2004, Defendant sent Plaintiff a Notice of Proposed Refund Adjustment (Notice) denying Plaintiff's refund claim as untimely. Plaintiff timely appealed the Notice to this court. Plaintiff's Complaint included a copy of a certified mail receipt for Plaintiff's refund claim, postmarked April 15, 2004. (Ptf's Compl at 6.) Defendant's Answer admitted that Plaintiff's refund claim was timely, but denied that Plaintiff qualified for the exemption for the 2000 tax year because Plaintiff did not "have regularly assigned duties in more than one state" and did not earn more than 50 percent of his income "on an aircraft outside of Oregon." (Def's Answer at 1.)
 II. ANALYSIS
The issue before the court is whether Plaintiff's duties as an aircraft dispatcher meet the criteria for the exemption under49 USC section 40116.[1] *Page 3 
ORS 316.037(3) applies the Oregon income tax to nonresidents who earn taxable income in Oregon.[2] Ordinarily, a nonresident such as Plaintiff who earns taxable income in Oregon is subject to the Oregon income tax. However, Plaintiff seeks the benefit of the federal statute, 49 USC section 40116, which allows certain air carrier employees (those with regularly assigned duties on aircraft) to limit their state income tax liability to no more than two states: the state of residency and a state where the individual earns more than half of his or her pay. The relevant provisions governing the exemption are found in subsection (f):
 "(2) The pay of an employee of an air carrier having regularly assigned duties on aircraft in at least 2 States is subject to the income tax laws of only the following:
 "(A) the State or political subdivision of the State that is the residence of the employee.
 "(B) the State or political subdivision of the State in which the employee earns more than 50 percent of the pay received by the employee from the carrier."
49 USC § 40116.
Niblack v. Dept. of Rev., TC-MD No 041021E, WL 3369860 (Dec 8, 2005) instructs the court in its application of49 USC section 40116(f)(2). Niblack is especially pertinent because the plaintiffs in that case, like Plaintiff herein, were aircraft dispatchers for the Portland branch of Horizon Air who resided in Washington. Id. at *1. In Niblack, the court followed Oregon principles of statutory interpretation to determine whether plaintiffs' duties on aircraft were "assigned" and "regular" under 49 USC section 40116(f)(2). Id. at *2-3. The court determined that (1) plaintiffs' duties on aircraft were not "assigned" because they were part of a company training requirement and (2) those same duties were not "regular" because the "overwhelming majority" of plaintiffs' duties *Page 4 
were performed on the ground in Portland. Id. The court held that the exemption did not apply to plaintiffs. Id. at *3.
Like the plaintiffs in Niblack, Plaintiff in the instant case has failed to show that he had duties on an aircraft that were assigned and regular. Plaintiff's submissions provide absolutely no description of his relevant job duties as an aircraft dispatcher. Plaintiff asserts in his Pre-Trial Brief, filed November 17, 2010, that his responsibilities as an aircraft dispatcher require him to "spend five hours of duty [per year] observing operations from the observer seat or flight deck," including "take offs and landings." (Ptf's Pre-Trial Br at 2.) Plaintiff argues that those duties are "regular because [they are] required every calendar year." (Id. at 3.) Defendant did not disagree with those asserted facts, and the court therefore accepts them as true.
As stated above, Plaintiff opted to not have a trial based on a legal theory presented by his authorized representative that the 50 percent rule in the applicable federal statute is a "legal fiction" and does not apply "unless scheduled flight time is actually more than 50 percent within one state." (Ptf's Memo at 2. (Emphasis omitted.)) That legal theory is unfounded and contrary to the express language of the statute which provides in relevant part that air carrier employees "having regularly assigned duties on aircraft in at least 2 States" may only be taxed by the employee's state of residence and any other state "in which the employee earns more than 50 percent of the pay received by the employee from the carrier."49 USC § 40116(f)(2). The overwhelming majority of Plaintiff's pay is earned in Oregon, and it is for that reason that he is subject to tax by this state. *Page 5 
In his Pre-Trial Brief, Plaintiff argues that it would be unfair for Oregon to tax Plaintiff on his Oregon-source income because, as a dispatcher flying over two or more states on various aircraft during the calendar year, he would be subjected to paying tax in each state over which he flies. (Ptf's Pre-Trial Br at 3-4.) Plaintiff again misunderstands the plain meaning and application of the federal statute. Under the statute, qualifying air carrier employees pay taxes only to: (1) their state of residence, and (2) any other state in which they earn more than 50 percent of their pay. See 49 USC § 40115(f)(2). Thus, under the federal statute, a taxpayer could at most be subjected to state taxation by two separate states, the state of residency (if that state imposed an income tax) and one other state in which the employee spent more than 50 percent of his or her air time.
The deeming rule that Plaintiff refers to as a "legal fiction," and which is part of a legal argument the court is at a loss to understand, is found in the language of paragraph (C) of subsection (1)(f) of the federal statute (49 USC § 40116), and simply provides a mechanism by which an employee's pay is tied to scheduled flight time. The statute provides that "an employee isdeemed to have earned 50 percent of the employee's pay in a State * * * in which the scheduled flight time of the employee in the State * * * is more than 50 percent of the total scheduled flight time of the employee." 49 USC § 40115(f)(1)(C). The purpose of that federal statutory provision is to provide a means by which a potential taxing jurisdiction can determine whether an air carrier employee earned more than 50 percent of his or her pay in that jurisdiction. The amount of pay earned is based on the amount of flight time over the State or political subdivision.
It must be remembered that a prerequisite to the protections afforded by the federal statute is that the employee have regularly assigned to duties on aircraft in at least *Page 6 
two states. 49 USC § 40115(f)(2). Plaintiff has not shown that he has any regularly assigned duties on aircraft. According to Plaintiff's own written documents, the five hours of required observation time Plaintiff must complete each year can be "from the observer seat or flight deck." Moreover, even assuming that Plaintiff spends five hours aboard an aircraft each year to comply with the observation requirements, there is no evidence that the time so spent is outside the state of Oregon, and certainly no evidence that he is scheduled to fly outside of Oregon. As such, there is no evidence of "regularly assigned duties" on an aircraft in at least two states.
Plaintiff's representative Jackson has persistently and repeatedly asserted in this and other cases before this court that federal law precludes states other than the taxpayer's state of residence, from imposing a state income tax on air carrier dispatchers based on various convoluted legal theories, including that the 50 percent rule in the applicable federal statute "is not applicable unless scheduled flight time is actually more than 50 percent within one state." (Ptf's Memo at 2. (Emphasis omitted.)) Jackson simply misunderstands the law.
Because Plaintiff has not shown that he has regularly assigned duties on an aircraft in at least two states, Plaintiff is not entitled to the exemption under 49 USC section 40116(f)(2), which provides, in relevant part, that "[t]he pay of an employee of an air carrier having regularly assigned duties on an aircraft
in at least 2 States is subject to the income tax laws of * * * [the State of residence] [and] the State * * * in which the employee earns more than 50 percent of [his] pay * * *."
As in Niblack, the overwhelming majority of Plaintiff's duties as an aircraft dispatcher were executed on the ground, in the Portland, Oregon, air carrier terminal. See *Page 7 Niblack, WL 3369860 at *3. Accordingly, Plaintiff's Oregon tax year 2000 source income is not exempt from taxation by this state. Plaintiff argues that "Magistrate Weidner inturpited [sic] the statute incorrectly" in the Niblack case. (Ptf's Pre-Trial Br at 4.) The court disagrees.
 III. CONCLUSION
Because Plaintiff has not shown that he has any assigned and regular duties on aircraft, and has certainly not shown that he has regularly assigned duties on an aircraft more than two states (excluding Oregon), Plaintiff is not entitled to the exemption under 49 USC section 40116. Plaintiff is therefore subject to the Oregon income tax on his air carrier work pay for 2000. Now, therefore,
IT IS THE DECISION OF THIS COURT that the part of the Defendant's December 1, 2004, Notice denying Plaintiff's refund claim for tax year 2000 is valid; and
IT IS FURTHER DECIDED that Plaintiff's claim for an exemption from Oregon income taxes for tax year 2000 is denied.
Dated this ___ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon June 16, 2011. The Court filed and entered this documenton June 16, 2011.
[1] All references to the United States Code (USC) are to 1999 unless noted.
[2] All references to the Oregon Revised Statutes (ORS) are to 1999 unless noted. *Page 1